IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMAL BAYTON, | : | CIVIL ACTION NO. **3:CV-12-2156** |
| Plaintiff | : | (Judge Caputo) |
| v. | : | (Magistrate Judge Blewitt) |
| MONROE COUNTY PRISON, and PRIME CARE MEDICAL | : | |
| Defendants | : | |

## REPORT AND RECOMMENDATION

**I. Background.**

On October 31, 2012, Plaintiff, Jamal Bayton, an inmate presently confined at the Monroe County Correctional Facility ("MCCF"), Stroudsburg, Pennsylvania, filed, *pro se*, this civil rights action, pursuant to 42 U.S.C. § 1983.[1] (Doc. 1). Plaintiff names as Defendants MCCF [2] and Prime Care Medical. Plaintiff asserts a constitutional claim under the Eighth Amendment against the

---

[1] Plaintiff's Complaint was submitted on a "Form to be Used by a Prisoner in a Civil Rights Complaint" and, on the face of the form Civil Rights Complaint, it indicated that the Complaint was filed pursuant to 42 U.S.C. § 1983. The Court has jurisdiction over this case pursuant to 28 U.S.C. §1331 and §1343(a).
   Plaintiff Bayton recently filed another civil rights action with this Court, Civil No. 12-2024, M.D. Pa. On October 19, 2012, we screened Plaintiff's 12-2024 case and we issued an R&R and recommended that the sole Defendant DA Anderson be dismissed from this case with prejudice based on prosecutorial immunity. Further, we recommended that Plaintiff's *in forma pauperis* Motion (Doc. 2) be granted solely for the purpose of filing this case. Finally, we recommended that the Court dismiss Plaintiff's §1983 Complaint (Doc. 1) with prejudice.

[2] Plaintiff incorrectly refers to Defendant MCCF as Monroe County Prison. We use the correct name of this Defendant.

MCCF nursing staff. Plaintiff alleges that the MCCF nursing staff improperly treated him for his injured right wrist he suffered in a fall seemingly in September 2012 at the prison. Plaintiff states that an unnamed nurse indicated that he had swelling and a possible fracture, wrapped his writs in ice, and gave him over the counter pain medications. Plaintiff states that he had a documented allergy, seemingly in his prison medical files, to the pain medications which the nurse gave him. Consequently, Plaintiff avers that when he took the pain medication, he suffered "massive swelling to [his] face and throat area" and that he went into "antiphalatic (sic) shock." (Doc. 1, p. 4). Plaintiff alleges that he was given benadryl, monitored for a brief period, and returned to his unit. Plaintiff alleges that the nursing staff lied about checking up on him following the incident, and that the correctional officers stated that they were not told to check on him. Plaintiff avers that the nurses were trying to cover up their mistake of hurting him.

As relief, Plaintiff seeks monetary damages. (*Id*.).

Plaintiff indicates that he submitted a grievance form with MCCF and was told to contact Prime Care Medical about the incident. However, Plaintiff states that the prison "took no future action." (*Id.*, p. 2). Plaintiff attached one Exhibit to his Complaint, namely, an original yellow copy of his September 12, 2012 MCCF Inmate Request/Complaint Form. Plaintiff stated his above complaint regarding his allergic reaction to the pain medication in his Inmate Request/Complaint Form. A staff member of MCCF denied Plaintiff's Request on September 14, 2012, stating that "[t]he nurse did not send you back [to your unit] until he were stable" and that "[a]nyone can develop an allergy at any point in their lives." Plaintiff was also advised that if he wanted his

2

medical records, he had to write to Prime Care Medical in Harrisburg, PA.³

As discussed below, neither MLCCF nor Prime Care Medical is a proper Defendant in a §1983 civil rights action.⁴

Plaintiff also filed a Motion for leave to proceed *in forma pauperis* on November 7, 2012. (Doc. 5). This Court has jurisdiction over Plaintiff's civil rights action pursuant to 28 U.S.C. § 1343(a) and § 1331.

Plaintiff's claim is set forth in a handwritten five-page form Complaint together with his Request. *(See* Doc. 1). As mentioned, Plaintiff states that MCCF nursing staff mistakenly gave him pain medications for his injured wrist to which he was allergic and cuased him swell and go into antiphlactic shock. Plaintiff also states that after the incident, the nursing staff faield to check up on him. As stated, for relief Plaintiff requests that the MCCF nursing staff be "overlooked" and, he

---

³In his Complaint, as stated, Plaintiff indicates that he utilized the grievance procedure available at MCCF but his grievance was not fully exhausted. (Doc. 1, p. 2). Plaintiff's Request Form was denied and Plaintiff did not indicate if he appealed this denial. Plaintiff must exhaust all of his available administrative remedies prior to filing a civil rights suit. Defendants have the burden to plead exhaustion as an affirmative defense. *See Ray v. Kertes*, 285 F.3d 287, 295 (3d Cir. 2002). Further, Plaintiff is required to exhaust all of his administrative remedies available through the MCCF grievance procedure with respect to each of his claim prior to filing an action in federal court. *See Spruill v. Gillis*, 372 F. 3d 218, 222 (3d Cir. 2004); *Dortch v. York County Prison*, 2009 WL 159196, *4 (M.D. Pa.). However, as noted above, exhaustion is an affirmative defense for Defendants to raise. *Jones v. Bock*, 549 U.S. 199, 215 (2007); *Dortch*, 2009 WL 159196, *4 .

⁴As discussed below, Plaintiff has failed to name any proper state actor Defendants in his Complaint as required in a civil rights action under 42 U.S.C. § 1983. The Monroe County Correctional Facility, a county prison, is not a proper Defendant in Plaintiff's §1983 action. Further, we do not find that Plaintiff has stated a municipal liability claim against Monroe County under *Monell v. Department of Social Servs.,* 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

3

seeks compensatory damages "for harming [him] almost sever[e]ly" and for trying to cover it up and passing blame. (*Id.*, p. 4).[5]

We find that Plaintiff has not name a proper Defendant with respect to his claim that MCCF violated his constitutional rights by giving him pain medication to which he was allergic and for failing to follow up by checking on him after his allergic reaction.

## II. PLRA.

The Prison Litigation Reform Act of 1995,[6] (the "PLRA"), obligates the Court to engage in a screening process when a prisoner wishes to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.[7] Specifically, § 1915(e)(2), which was created by § 805(a)(5) of the Act, provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a

---

[5]We note that even if Plaintiff did name a proper state actor Defendant, he cannot sue a state actor Defendant for monetary damages in his or her official capacity. To the extent that Plaintiff is seeking monetary damages, he can only sue a state actor Defendant in his or her individual or personal capacity. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989); *Meekins v. Beard*, 2007 WL 675358, *3 (M.D. Pa.); *Atwell v. Schweiker*, 2007 WL 2900565 (3d Cir. 2007) (Non-Precedential).

[6]Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996).

[7]The Plaintiff completed an application to proceed *in forma pauperis* and authorization to have funds deducted from his prison account. The Court then issued an administrative order directing the warden to commence the withdrawal of the full filing fee due the court from the Plaintiff's prison trust fund account. (Docs. 5, 6 and 7).

> claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

**III. Section 1983 Standard.**

In a § 1983 civil rights action, the Plaintiff must prove the following two essential elements: (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct complained of deprived the Plaintiff of rights, privileges or immunities secured by the law or the Constitution of the United States. *Parratt v. Taylor*, 451 U.S. 527 (1981); *Kost v. Kozakiewicz*, 1 F. 3d 176, 184 (3d Cir. 1993). Further, Section 1983 is not a source of substantive rights. Rather, it is a means to redress violations of federal law by state actors. *Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002).[8] *See also Holocheck v. Luzerne County Head Start, Inc.*, 385 F. Supp. 2d 491, 498-499 (M. D. Pa.).

It is well established that personal liability under section 1983 cannot be imposed upon a state official based on a theory of *respondeat superior*. *See, e.g., Rizzo v. Goode*, 423 U.S. 362 (1976); *Hampton v. Holmesburg Prison Officials*, 1546 F.2d 1077, 1082 (3d Cir. 1976); *Parratt, supra*. It is also well settled in the Third Circuit that personal involvement of defendants in alleged constitutional deprivations is a requirement in a § 1983 case and that a complaint must allege such personal involvement. *Id*. Each named defendant must be shown, through the complaint's allegations, to have been personally involved in the events or occurrences upon which Plaintiff's claims are based. *Id*. As the Court stated in *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir.

---

[8]As stated, Plaintiff has not named in his pleading any proper state actor Defendant. (Doc. 1, pp. 1-3).

5

1998):

> A defendant in a civil rights action must have personal involvement
> in the alleged wrongs . . . . [P]ersonal involvement can be shown
> through allegations of personal direction or of actual knowledge and
> acquiescence. Allegations of participation or actual knowledge
> and acquiescence, however, must be made with appropriate
> particularity. (Citations omitted).

A civil rights complaint must state time, place, and responsible persons. *Id.* Courts have also held that an allegation seeking to impose liability on a defendant based on supervisory status, without more, will not subject the official to section 1983 liability. *See Rode,* 845 F.2d at 1208.[9]

The Court uses the same standard to screen a complaint under the PLRA as it does for a 12(b)(6) motion to dismiss. *See Banks v. County of Allegheny*, 568 F.Supp.2d at 588; *O'Connell v. Sobina*, 2008 WL 144199 (W.D. Pa.).

**IV. Motion to Dismiss Standard.**

In *Reisinger v. Luzerne County*, 712 F.Supp. 2d 332, 343-344 (M.D. Pa. 2010), the Court stated:

The Third Circuit Court of Appeals recently set out the appropriate standard applicable to a motion to dismiss in light of the United States Supreme Court's decisions *Bell Atlantic Corp. v. Twombly,* 550 U.S. 433 (2007), and *Ashcroft v. Iqbal,* --- U.S. ----, 129 S.Ct. 1937 (2009). "[T]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true to 'state a claim that relief is plausible on its face.' " *Iqbal,* 129 S.Ct. at 1949 (citing *Twombly,* 550 U.S. at 570). The Court emphasized that "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1950. Moreover, it continued, "[d]etermining whether a complaint states a plausible claim for relief will ... be

---

[9]As stated above, it is well settled that personal liability under §1983 cannot be imposed upon a state official based on a theory of *respondeat superior*. *See Ascenzi v. Diaz,* 2007 WL 1031516, *3 (M.D. Pa.)("supervisory personnel are only liable for the § 1983 violations of their subordinates if they knew of, participated in or acquiesced in such conduct")(citations omitted).

6

a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* (citation omitted). *McTernan v. City of York,* 577 F.3d 521, 530 (3d Cir.2009). The Circuit Court discussed the effects of *Twombly* and *Iqbal* in detail and provided a road map for district courts presented with a motion to dismiss for failure to state a claim in a case filed just a week before *McTernan, Fowler v. UPMC Shadyside,* 578 F.3d 203 (3d Cir.2009).

> [D]istrict courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. [*Iqbal,* 129 S.Ct. at 1949.] Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Id.* at 1950. In other words, a complaint must do more than allege a plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. *See Philips [v. Co. of Allegheny],* 515 F.3d [224,] 234-35 [ (3d Cir.2008) ]. As the Supreme Court instructed in *Iqbal,* "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.' " *Iqbal,* 129 S.Ct. at 1949. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*
> *Fowler,* 578 F.3d at 210-11.
>
> The Circuit Court's guidance makes clear that legal conclusions are not entitled to the same deference as well-pled facts. In other words, "the court is 'not bound to accept as true a legal conclusion couched as a factual allegation.' " *Guirguis v. Movers Specialty Services, Inc.,* No. 09-1104, 2009 WL 3041992, at *2 (3d Cir. Sept. 24, 2009) ( *quoting Twombly,* 550 U.S. at 555) (not precedential).

*See also Williams v. Hull,* 2009 WL 1586832, *2-*3 (W.D. Pa. 2009).

**V. Discussion.**

Plaintiff Bayton has failed to name any proper Defendant in this case, *i.e.* a prison medical staff official or officials at MCCF who allegedly acted in deliberate indifference to a serious medical condition. Plaintiff does not even allege that the unnamed nursing staff at MCCF who treated him for his injured wrist actually knew he was allergic to the pain medication and that he or she nonetheless gave him the medication causing a substantial risk to Plaintiff's health and safety.

7

Further, Plaintiff has failed to allege that a prison official or officials at MCCF acted with deliberate indifference to his protected right to proper medical care. Thus, we find that Plaintiff failed to state the personal involvement of any proper individual Defendant with respect to his Eighth Amendment claim. Rather, Plaintiff has only named as a Defendant the county prison (MCCF) and the contracted prison health care provider (Prime Care Medical).

We find that Defendant MCCF should be dismissed from this action because "a prison or correctional facility is not a 'person' that is subject to suit under federal civil rights laws." *Ayers v. Bradford County*, 2009 WL 801867, *5 (M.D. Pa. 3-25-09). In *Ayers*, the Court stated:

> Ayers is unable to maintain the action against BCCF [Bradford County Correctional Facility] because a prison or correctional facility is not a "person" that is subject to suit under federal civil rights laws. *Will v. Michigan Dep't of State Police,* 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989); *Mt. Healthy City Bd. of Educ. v. Doyle,* 429 U.S. 274, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977); *see Slagle v. County of Clarion,* 435 F.3d 262, 264 n. 3 (3d Cir.2006) (affirming on other grounds and observing that "[t]he District Court dismissed Clarion County Jail as a defendant in this case, stating 'it is well established in the Third Circuit that a prison is not a "person" subject to suit under federal civil rights laws' "); *Kelly v. York County Prison,* No. 08-1813, 2008 WL 4601797, at *2 (M.D.Pa. Oct.15, 2008) (noting that a "prison or correctional facility is not a person within the meaning of § 1983" and "the York County Prison is clearly not a person and may not be sued under § 1983"). Jackson v. Pennsylvania, No. 08-1297, 2008 WL 4279544, at *1 (M.D.Pa. Sept.11, 2008) (holding that a county prison is not a "person" within the meaning of § 1983); *Meyers v. Schuylkill County Prison,* No. 04-1123, 2006 WL 559467, at *8 (M.D.Pa. Mar.7, 2006) (holding same). BCCF has no existence apart from the government and cannot be considered a person for purposes of maintaining a civil rights action.

Thus, we will recommend that Defendant MCCF be dismissed from this action with prejudice. Also, insofar as Plaintiff has named Prime Care Medical as a Defendant, we find that this company should also be dismissed from this action with prejudice since Plaintiff must raise a

claim against Monroe County under *Monell*. *See Barr v. County of Clarion*, 2010 WL 678512 (W.D. Pa. 2-23-10)(Plaintiff's claim against county Probation and Parole Office may be asserted against County under *Monell*).

Based upon the above, we find that the Court should not allow Plaintiff to amend his Complaint with respect to his claim against Defendant MCCF and Prime Care Medical, since we find it would be futile. *See Ayers*, *supra*. The Third Circuit has held that a Plaintiff who filed an *in forma pauperis* request and whose Complaint fails to state a cognizable claim is entitled to amend his pleading unless it would be futile or inequitable to Defendants. *See Grayson v. Mayview State Hospital*, 293 F.3d 103, 111 (3d Cir. 2002). *See Alston v. Parker*, 363 F.3d 229, 235-236 (3d Cir. 2004).

Additionally, we do not find that Plaintiff has stated a claim against Monroe County under *Monell v. Department of Social Servs.*, 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Thus, even if Plaintiff named Monroe County as a Defendant in this case, and he did not, we find that Plaintiff has not properly stated an Eighth Amendment denial of proper medical care claim under *Monell* against this County. Monroe County cannot be held liable for the conduct of persons it supervises, such as MCCF officials, pursuant to *respondeat superior*. *Meyers v. Schuylkill Co. Prison*, 2006 WL 559467, *9 (M.D. Pa.).[10] Rather, Monroe County "[is] subject to liability [in a §1983 action] to the extent [it] maintain[ed] an unconstitutional custom or policy that caused the alleged constitutional violation." *Id*. (citation omitted). In *Mangus*, the Court stated:

---

[10]*See also Mangus v. DCP*, 2010 WL 521114, *8-*6 (M.D. Pa.); *Brickell v. Clinton County Prison Bd.*, 658 F.Supp. 2d 621, 626-27 (M.D. Pa. 2009).

> With respect to such institutional defendants it is clear that:
>
> [A] County cannot be held liable for the unconstitutional acts of its employees on a theory of respondeat superior. *See Monell v. Department of Social Servs.,* 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Instead, [a plaintiff] must demonstrate that the violation of his rights was caused by either a policy or a custom of the [county]. *See Beck v. City of Pittsburgh,* 89 F.3d 966, 971 (3d Cir.1996).
> *Berg v. County of Allegheny,* 219 F.3d 261, 275 (3d Cir.2000).

2010 WL 521114, *3.

No such custom or policy is specifically alleged by Plaintiff with respect to Monroe County. Plaintiff does not make any allegations as described above against Monroe County necessary to make it subject to liability in this case. Based on *Malles and Meyers*, as well as *Magnus*, we find Plaintiff's allegations do not sufficiently state that Monroe County caused any alleged constitutional violation by any MCCF official by having customs, policies, practices and procedures, and how these policies gave rise to the violation of his Eight Amendment rights.

As stated, we find that Plaintiff failed to state the personal involvement of any proper individual Defendant employed by MCCF with respect to his Eighth Amendment claim. However, we will recommend that Plaintiff's Complaint be dismissed without prejudice to file an Amended Complaint against the MCCF officials who were personally involved with his Eighth Amendment claim.

The Supreme Court in *Iqbal* repeated the personal involvement necessary in a §1983 action. In *Innis v. Wilson*, 2009 WL 1608502, *2 (3d Cir. 2009), the Court, citing *Iqbal,* stated:

> "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on

10

its face.' " *Ashcroft v. Iqbal,* No. 07-1015, slip op. at 14 (May 18, 2009) [129 S. Ct. 1937 (2009)] (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)).

"Innis's allegation against Wilson also fail because Innis is attempting to establish liability based on supervisory liability. *See Rode v. Dellarciprete,* 845 F.2d 1195, 1207 (3d Cir.1988) (liability cannot be predicated solely on the operation of respondeat superior, as a defendant must have personal involvement in a civil rights action). Innis does not allege that Wilson had personal knowledge of his injury and subsequently acted with deliberate indifference. *Spruill,* 372 F .3d at 236. Accordingly, these claims were properly dismissed."

In *Saltzman v. Independence Blue Cross*, 2009 WL 1606887, *4 (E.D.Pa.), the Court stated:

The Court in *Iqbal* explained that, although a court must accept as true all of the factual allegations contained in a complaint, that requirement does not apply to legal conclusions; therefore, pleadings must include factual allegations to support the legal claims asserted. *Id.* at 1949, 1953. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 1949 (citing *Twombly,* 550 U.S. at 555); *see also Phillips v. County of Allegheny,* 515 F.3d 224, 232 (3d Cir.2008) ("We caution that without some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice,' but also the 'grounds' on which the claim rests." (citing *Twombly,* 550 U.S. at 556 n. 3)). Accordingly, to survive a motion to dismiss, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 129 S.Ct. at 1949 (citing *Twombly,* 550 U.S. at 556).

Additionally, we will recommend that Plaintiff's Complaint be dismissed without prejudice to file an Amended Complaint against Monroe County under *Monell*.

Moreover, with respect to the MCCF nursing medical Defendants to the extent Plaintiff is deemed as seeking to sue these medical staff Defendants for negligence regarding his medical care for his injured right wrist and is seeking to raise medical malpractice claims against them, he cannot

do so in a § 1983 civil rights action. *See Bailey v. Palakovich*, 2007 WL 1450698, *5 (M.D. Pa.).[11]

Thus, we will recommend that any medical malpractice claims Plaintiff is deemed as raising against Defendants be dismissed.

We also find that Plaintiff has not stated a cognizable Eighth Amendment denial of proper medical care claim regarding his allegations as against the MCCF nursing staff that they mistakenly gave him pain medications to which he had a documented allergy, and that they failed to monitor him after he was treated for his allergic reaction. Further, as stated, we do not find that Plaintiff has stated the personal involvement of any proper Defendant with respect to his denial of proper medical care claim regarding his allergic reaction.

In *Iseley v. Beard*, 2009 WL 1675731, *7 (M.D. Pa.), the Court stated that:

> A prison official acts with deliberate indifference to an inmate's serious medical needs when he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."*Farmer v. Brennan,* 511 U.S. 825, 837, 114 S.Ct.

---

[11]To the extent Plaintiff is seeking to file a medical malpractice action under state law against Defendants in this case, he was required to file a Certificate of Merit ("COM") under Pennsylvania law pursuant to Pa.R.C.P. 1042.3(a)(1). A COM is required for a Pennsylvania professional negligence claim raised in a malpractice action. *See Santee v. U.S.*, Civil Action No. 3:CV-07-2207, September 30, 2008 Memorandum and Order (M.D. Pa.), 2008 WL 4426060 (M.D. Pa.). "The COM requirement is set forth in a procedural rule, but federal courts exercising diversity and supplemental jurisdiction have considered it substantive law that must be applied to claims under Pennsylvania law presented in federal court." *Booker v. U.S.*, 2009 WL 90129, *3 (citations omitted). The Third Circuit affirmed a case in the Middle District of Pennsylvania in which the District Court found that PA Rule 1042.3 is a rule of substantive state law and that Plaintiffs in federal court must comply with this rule. *See Perez v. Griffin*, 2008 WL 2383072 (M.D. Pa.), aff'd. 2008 WL 5351829 (3d Cir. 12-23-08); *Hodge v U.S. DOJ,* 372 Fed. Appx. 264, 267 (3d Cir. 2010) (A COM is required to state a medical negligence claim in federal court).
There is no record that Plaintiff filed a COM in this case.

> 1970, 128 L.Ed.2d 811 (1994). Thus, a complaint that a physician or a medical department "has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment ..." *Estelle v. Gamble,* 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976).

In *Williams v. Klem*, 2008 WL 4453100, *7 (M.D. Pa.), the Court stated:

> The Eighth Amendment "requires prison officials to provide basic medical treatment to those whom it has incarcerated." *Rouse v. Plantier,* 182 F.3d 192, 197 (3d Cir.1999) (citing *Estelle v. Gamble,* 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)). In order to establish an Eighth Amendment medical claim, an inmate must allege acts or omissions by prison officials sufficiently harmful to evidence deliberate indifference to a serious medical need. *See Spruill v. Gillis,* 372 F.3d 218, 235-36 (3d Cir.2004); *Natale v. Camden Cty. Correctional Facility,* 318 F.3d 575, 582 (3d Cir.2003). In the context of medical care, the relevant inquiry is whether the defendant was: (1) deliberately indifferent (the subjective component) to (2) the plaintiff's serious medical needs (the objective component). *Monmouth Cty. Corr. Inst. Inmates v. Lanzaro,* 834 F.2d 326, 346 (3d Cir.1987); *West v. Keve,* 571 F.2d 158, 161 (3d Cir.1979). A serious medical need is one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that a layperson would recognize the need for a doctor's attention. *Monmouth Cty. Corr. Inst. Inmates,* 834 F.2d at 347. "Additionally, 'if unnecessary and wanton infliction of pain results as a consequence of denial or delay in the provision of adequate medical care, the medical need is of the serious nature contemplated by the Eighth Amendment.' " *Young v. Kazmerski,* 266 Fed. Appx. 191, 193 (3d Cir.2008) (quoting *Monmouth Cty. Corr. Inst. Inmates,* 834 F.2d at 347).

Applying these principles to the above detailed allegations Plaintiff asserts in his Complaint, we find that no viable Eighth Amendment claim is stated therein. *See Mimms v. U.N.I.C.O.R.,* 2010 WL 2747470, *2 (3d Cir.). Additionally, Plaintiff readily admits that he was provided treatment after his injury but he claims that the nursing staff was negligent by giving him pain medication to which he was allergic.

## VI. Recommendation.

Based on the above, it is respectfully recommended that Plaintiff's Complaint **(Doc. 1)** against Defendant MCCF and Defendant Prime Care Medical be dismissed with prejudice. It is recommended that Plaintiff's Complaint be dismissed without prejudice to file an Amended Complaint against the MCCF medical staff who were personally involved with his Eighth Amendment claim. Also, it is recommended that Plaintiff's Complaint be dismissed without prejudice to file an Amended Complaint against Monroe County under *Monell*.

        **s/ Thomas M. Blewitt**
        **THOMAS M. BLEWITT**
        **United States Magistrate Judge**

**Dated: November 13, 2012**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMAL BAYTON, | : | CIVIL ACTION NO. **3:CV-12-2156** |
| Plaintiff | : | (Judge Caputo) |
| v. | : | (Magistrate Judge Blewitt) |
| MONROE COUNTY PRISON, and PRIME CARE MEDICAL | : | |
| Defendants | : | |

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **November 13, 2012.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however,

need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Failure to file timely objections may constitute a waiver of any appellate rights.


 s/ Thomas M. Blewitt
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: November 13, 2012**