IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMAL BAYTON, | : | CIVIL ACTION NO. **3:CV-12-2156** |
| Plaintiff | : | (Judge Brann) |
| v. | : | (Magistrate Judge Blewitt) |
| MONROE COUNTY PRISON, et al., | : | |
| Defendants | : | |

## REPORT AND RECOMMENDATION

**I.     BACKGROUND.**

On October 31, 2012, Plaintiff, Jamal Bayton, an inmate formerly confined at the Monroe County Correctional Facility ("MCCF"), Stroudsburg, Pennsylvania, filed, *pro se*, this civil rights action, pursuant to 42 U.S.C. § 1983.[1] (Doc. 1). Plaintiff named as Defendants MCCF [2] and Prime Care Medical. Plaintiff asserted a constitutional claim under the Eighth Amendment against the

---

[1] Plaintiff's Complaint was submitted on a "Form to be Used by a Prisoner in a Civil Rights Complaint" and, on the face of the form Civil Rights Complaint, it indicated that the Complaint was filed pursuant to 42 U.S.C. § 1983. The Court has jurisdiction over this case pursuant to 28 U.S.C. §1331 and §1343(a).
   Plaintiff Bayton also filed another civil rights action with this Court, Civil No. 12-2024, M.D. Pa. On October 19, 2012, we screened Plaintiff's 12-2024 case and we issued an R&R and recommended that the sole Defendant DA Anderson be dismissed from this case with prejudice based on prosecutorial immunity. Further, we recommended that Plaintiff's *in forma pauperis* Motion (Doc. 2) be granted solely for the purpose of filing this case. Finally, we recommended that the Court dismiss Plaintiff's §1983 Complaint (Doc. 1) with prejudice. On April 4, 2013, the Court adopted our R&R and closed Plaintiff's Civil No. 12-2024 case.

[2] Plaintiff incorrectly refers to Defendant MCCF as Monroe County Prison. We use the correct name of this Defendant.

MCCF nursing staff. Plaintiff alleged that the MCCF nursing staff improperly treated him for his injured right wrist he suffered in a fall seemingly in September 2012 at the prison. Plaintiff stated that an unnamed nurse indicated that he had swelling and a possible fracture, wrapped his writs in ice, and gave him over the counter pain medications. Plaintiff stated that he had a documented allergy, seemingly in his prison medical files, to the pain medications which the nurse gave him. Consequently, Plaintiff averred that when he took the pain medication, he suffered "massive swelling to [his] face and throat area" and that he went into "antiphalatic (sic) shock." (Doc. 1, p. 4). Plaintiff alleged that he was given benadryl, monitored for a brief period, and returned to his unit. Plaintiff alleges that the nursing staff lied about checking up on him following the incident, and that the correctional officers stated that they were not told to check on him. Plaintiff averred that the nurses were trying to cover up their mistake of hurting him.

As relief, Plaintiff sought monetary damages. (Id.).

Plaintiff indicated that he submitted a grievance form with MCCF and was told to contact Prime Care Medical about the incident. However, Plaintiff stated that the prison "took no future action." (Id., p. 2). Plaintiff attached one Exhibit to his original Complaint, namely, an original yellow copy of his September 12, 2012 MCCF Inmate Request/Complaint Form in which he raised his above claim regarding his allergic reaction to the pain medication. A staff member of MCCF denied Plaintiff's Request on September 14, 2012, stating that "[t]he nurse did not send you back [to your unit] until he were stable" and that "[a]nyone can develop an allergy at any point in their lives." Plaintiff was also advised that if he wanted his medical records, he had to write to Prime

2

Care Medical in Harrisburg, PA.[3]

Plaintiff also filed a Motion for leave to proceed *in forma pauperis* on November 7, 2012. (Doc. 5). This Court has jurisdiction over Plaintiff's civil rights action pursuant to 28 U.S.C. § 1343(a) and § 1331.

On November 13, 2012, we screened Plaintiff's original Complaint under the PLRA and issued a Report and Recommendation ("R&R"). (Doc. 8). We recommended that Plaintiff's original Complaint (Doc. 1) against Defendant MCCF and Defendant Prime Care Medical be dismissed with prejudice. We recommended that Plaintiff's Complaint be dismissed without prejudice to file an Amended Complaint against the MCCF medical staff who were personally involved with his Eighth Amendment claim. Also, we recommended that Plaintiff's Complaint be dismissed without prejudice to file an Amended Complaint against Monroe County under *Monell*.

On February 12, 2013, the Court adopted, in part, our R&R and directed Plaintiff to file an Amended Complaint by March 5, 2013, as specified in the Court's Memorandum. (Doc. 11).

---

[3]In his original Complaint, as stated, Plaintiff indicated that he utilized the grievance procedure available at MCCF but his grievance was not fully exhausted. (Doc. 1, p. 2). Plaintiff's Request Form was denied and Plaintiff did not indicate if he appealed this denial. As we previously noted, Plaintiff must exhaust all of his available administrative remedies prior to filing a civil rights suit. Defendants have the burden to plead exhaustion as an affirmative defense. See *Ray v. Kertes*, 285 F.3d 287, 295 (3d Cir. 2002). Further, Plaintiff is required to exhaust all of his administrative remedies available through the MCCF grievance procedure with respect to each of his claim prior to filing an action in federal court. See *Spruill v. Gillis*, 372 F. 3d 218, 222 (3d Cir. 2004); *Dortch v. York County Prison*, 2009 WL 159196, *4 (M.D. Pa.). However, as noted above, exhaustion is an affirmative defense for Defendants to raise. *Jones v. Bock*, 549 U.S. 199, 215 (2007); *Dortch*, 2009 WL 159196, *4 .

On February 20, 2013, Plaintiff timely filed his Amended Complaint. (Doc. 12). Defendants are Monroe County Prison (properly known as MCCF), Nurse Chet Huntley and Prime Care Medical. The Court then remanded this case to the undersigned and granted Plaintiff's *in forma pauperis* Motion. (Doc. 13).

On March 13, 2013, Defendants Chet Huntley and Prime Care Medical filed a Motion to Dismiss Plaintiff's Amended Complaint under Rule 12(b)(6), and their support brief. **(Docs. 16 & 17).** Defendants' Doc. 16 Motion was filed before they were properly served with Plaintiff's Amended Complaint. We issued an Order on March 14, 2013, directing the Clerk of Court to issue process to the U.S. Marshal and directing service of Plaintiff's Amended Complaint on all three Defendants. (Doc. 18). The three Defendants were then served. The copy of our Doc. 18 Order which was mailed to Plaintiff at Monroe County Prison, his last known address, was returned as undeliverable. The envelope containing our Doc. 18 Order was marked "Individual Released/Transferred."

On March 28, 2013, Defendant Monroe County Prison (properly known as MCCF) filed a Rule 12(b)(6) Motion to dismiss Plaintiff's Amended Complaint and a support brief. **(Docs. 24 & 25).**

Plaintiff was served with Defendants' Doc. 16 motion and brief at Monroe County Prison (properly known as MCCF). Plaintiff's opposition brief to Defendants' Doc. 16 Motion to Dismiss was due on March 27, 2013. Plaintiff did not file his opposition brief and he did not request an extension of time within which to file his brief. Also, Plaintiff failed to apprise the Court of his current address after his release from MCCF as required by this Court's Local Rules.

4

On April 8, 2013, the Chambers for the undersigned contacted MCCF to find out Plaintiff's current location and, we were advised that Plaintiff was released from MCCF and now resides at 28 Old Route 940, Pocono Pines, PA, 18350.

Thus, on April 9, 2013, we issued an Order and gave Plaintiff one last opportunity to file his opposition brief to Defendants' Doc. 16 Motion to Dismiss. We, *sua sponte*, granted Plaintiff an extension of time until April 19, 2013, to file his opposition brief. We stated that the failure of Plaintiff to file his opposition brief by April 19, 2013, would result in a recommendation that he be deemed as not opposing Defendants' Doc. 16 Motion to Dismiss pursuant to Local Rule 7.6, M.D. Pa.[4] We also directed Defendants Prime Care Medical and Huntley to re-serve Plaintiff with their Doc. 16 Motion and Doc. 17 brief, and we directed Defendant MCCF to re-serve Plaintiff with its Doc. 24 Motion and Doc. 25 support brief at Plaintiff's new address, namely, 28 Old Route 940, Pocono Pines, PA, 18350, and to file new certificates of service to reflect service on Plaintiff at his new address. Defendant MCCF and, Defendants Prime Care Medical and Huntley filed their amended certificates of service to reflect service on Plaintiff at his new address. (Docs. 27 & 28).

To date, Plaintiff has failed to file his opposition briefs to Defendants Prime Care Medical and Huntley's Doc. 16 Motion and, to Defendant MCCF's Doc. 24 Motion. Nor has Plaintiff filed a request for another extension of time to file his briefs. In fact, Plaintiff has not filed anything with this Court since he filed his Amended Complaint on February 20, 2013. (Doc. 12). Pursuant to Local Rule 7.6, M.D. Pa., we deem Plaintiff as not opposing Defendants Prime Care Medical and

---

[4]We note that Plaintiff was issued a Standing Practice Order which included pertinent Local Rule of this Court. (Doc. 2).

Huntley's Doc. 16 Motion to Dismiss and, to Defendant MCCF's Doc. 24 Motion to Dismiss his Amended Complaint. Additionally, we find that Plaintiff has failed to prosecute his case and has demonstrated his intent to abandon his action.

Thus, we now issue this R&R and recommend that Plaintiff's case be dismissed with prejudice.

## II. DISCUSSION.

Federal Rule of Civil Procedure 41(b) allows for the dismissal of an action for "failure of the plaintiff to *prosecute* or comply with these rules or *order of court* . . ." Fed.R.Civ.P. 41(b) (emphasis added). *See Emerson v. Thiel College*, 296 F.3d 184, 190 (3d Cir. 2002). In the instant case, Plaintiff has failed to prosecute his action and, has failed to comply with Local Rules and the Order of this Court by his failure to notify the Court of his new address and his failure to file his opposition briefs to Defendants' Motions to Dismiss. As stated, Plaintiff has taken no action with respect to his case since his Doc. 12 Amended Complaint. As stated, we *sua sponte* gave Plaintiff additional time to file his opposition briefs and he failed to do so. Thus, Plaintiff has failed to timely file his opposition briefs and, he failed to request another extension of time. Further, Plaintiff has not filed any document with the Court explaining why he has failed to file his opposition briefs. Not has Plaintiff filed any document indicating that he still wishes to pursue his case.

We find that the stated behavior of Plaintiff constitutes a willful failure to prosecute his case, as opposed to a situation in which he has had problems in pursuing his case, but made efforts to comply with this Court's Order. We find that Plaintiff's "behavior has been so egregious as to make self-evident the factual findings and analysis [of the *Poulis* factors]." *Williams v. Kort*, 223 Fed.

Appx. 95, 103 (3d Cir. 2007). We find that due to Plaintiff's willful failure to notify the Court of his new address and his failure to file his opposition briefs as directed by the Court, demonstrates Plaintiff's intent that he has abandoned his case.

Rule 41(b) allows for the dismissal of an action where the Plaintiff fails to prosecute or fails to comply with rules or orders of the court. Therefore, we find that Plaintiff's case is subject to dismissal under Rule 41(b) due to Plaintiff's willful failure to prosecute it and due to his willful failure to comply with the Court's Order. Plaintiff should be deemed as abandoning his action. *Id. See also Spain v. Gallegos*, 26 F.3d 439, 454-55 (3d Cir. 1994); *Guyer v. Beard*, 907 F. 2d 1424 (3d Cir. 1990) (the district court's requirement to perform an analysis under *Poulis* is obviated where Plaintiff's conduct is so egregious as to demonstrate an abandonment of his case).

Also, under Local Rule 7.6 of this Court Plaintiff is deemed as not opposing the Motions to Dismiss of Defendants Prime Care Medical and Huntley and, of Defendant MCCF.

Moreover, we find merit to both Rule 12(b)(6) Motions to Dismiss Plaintiff's Amended Complaint.

As stated, Plaintiff has filed his case under §1983 asserting a constitutional claim under the Eighth Amendment for denial of proper medical care against Defendants. In a § 1983 civil rights action, the Plaintiff must prove the following two essential elements: (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct complained of deprived the Plaintiff of rights, privileges or immunities secured by the law or the Constitution of the United States. *Parratt v. Taylor*, 451 U.S. 527 (1981); *Kost v. Kozakiewicz*, 1 F. 3d 176, 184 (3d Cir. 1993). Further, Section 1983 is not a source of substantive rights. Rather, it

7

is a means to redress violations of federal law by state actors. *Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002). *See also Holocheck v. Luzerne County Head Start, Inc.*, 385 F. Supp. 2d 491, 498-499 (M. D. Pa. 2005); *Slater v.Susquehanna County*, 613 F. Supp. 2d 653, 660 (M.D. Pa. 2009) (citations omitted); *Stankowski v. Farley*, 487 F. Supp. 2d 543, 550 (M.D. Pa. 2007) ("only those who act under color of state law are liable to suit under section 1983."). "In order to satisfy the second prong [of a §1983 civil rights action], a Defendant does not have to be a state official, but can also be held liable as a state actor." *Slater v. Susquehanna County*, 613 F. Supp. 2d at 660(citations omitted).

It is well-established that personal liability under section 1983 cannot be imposed upon a state official based on a theory of *respondeat superior*. *See, e.g., Rizzo v. Goode*, 423 U.S. 362 (1976); *Hampton v. Holmesburg Prison Officials*, 1546 F.2d 1077, 1082 (3d Cir. 1976); *Parratt, supra*. It is also well-settled in the Third Circuit that personal involvement of defendants in alleged constitutional deprivations is a requirement in a § 1983 case and that a complaint must allege such personal involvement. *Id.* Each named defendant must be shown, through the complaint's allegations, to have been personally involved in the events or occurrences upon which Plaintiff's claims are based. *Id.; see also Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998).

In *Reisinger v. Luzerne County*, 712 F.Supp. 2d 332, 343-344 (M.D. Pa. 2010), the Court stated:

> The Third Circuit Court of Appeals recently set out the appropriate standard applicable to a motion to dismiss in light of the United States Supreme Court's decisions *Bell Atlantic Corp. v. Twombly*, 550 U.S. 433 (2007), and *Ashcroft v. Iqbal*, --- U.S. ----, 129 S.Ct. 1937 (2009). "[T]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true to 'state a claim

8

that relief is plausible on its face.' " *Iqbal,* 129 S.Ct. at 1949 (citing *Twombly,* 550 U.S. at 570). The Court emphasized that "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1950. Moreover, it continued, "[d]etermining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* (citation omitted). *McTernan v. City of York,* 577 F.3d 521, 530 (3d Cir.2009). The Circuit Court discussed the effects of *Twombly* and *Iqbal* in detail and provided a road map for district courts presented with a motion to dismiss for failure to state a claim in a case filed just a week before *McTernan, Fowler v. UPMC Shadyside,* 578 F.3d 203 (3d Cir.2009).

[D]istrict courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. [ *Iqbal,* 129 S.Ct. at 1949.] Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Id.* at 1950. In other words, a complaint must do more than allege a plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. *See Philips [v. Co. of Allegheny],* 515 F.3d [224,] 234-35 [ (3d Cir.2008) ]. As the Supreme Court instructed in *Iqbal,* "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.' " *Iqbal,* 129 S.Ct. at 1949. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*
*Fowler,* 578 F.3d at 210-11.

The Circuit Court's guidance makes clear that legal conclusions are not entitled to the same deference as well-pled facts. In other words, "the court is 'not bound to accept as true a legal conclusion couched as a factual allegation.' " *Guirguis v. Movers Specialty Services, Inc.,* No. 09-1104, 2009 WL 3041992, at *2 (3d Cir. Sept. 24, 2009) (*quoting Twombly,* 550 U.S. at 555) (not precedential).

9

We first consider the Motion to Dismiss of Defendants Prime Care Medical and Huntley, Doc. 16. Plaintiff's Amended Complaint consists of only two handwritten pages. We agree with these Defendants that Plaintiff has failed to state a cognizable Eighth Amendment denial of proper medical care claim as against Nurse Huntley, and that Plaintiff has failed to state a constitutional claim against Prime Care Medical and Monroe County under *Monell*.

With regards to Defendant Nurse Huntely, Plaintiff alleges in his Amended Complaint that in September of 2012, he reported to the medical staff at MCCF for an injured wrist. Plaintiff states that Defendant Huntley examined his wrist, and found that he had a fracture right wrist. Defendant Huntley then iced and wrapped Plaintiff 's wrist with an ace bandage, and told Plaintiff that an appointment with the doctor was made. Plaintiff also avers that Defendant Huntley told Plaintiff he would give Plaintiff pain medication. Plaintiff alleges that the pain medication caused him to have a bad reaction which lead to him being placed on bed rest for 2 ½ days. Plaintiff avers that he did not receive medical attention while he was on bed rest. Plaintiff also alleges that he filed a grievance with the prison about the incident which was denied, and that he was told to contact Defendant Prime Care Medical if he needed anything about the incident. Plaintiff alleges that the prison medical staff tried to cover up their "mistake" with respect to his adverse reaction to the pain medication Defendant Huntley gave him.

It is clear that Plaintiff has failed to sufficiently allege Defendant Huntley's personal involvement in his Eighth Amendment denial of medical care claim. Plaintiff does not allege any facts whatsoever regarding Defendant Huntley in his Amended Complaint which amount to a constitutional violation.

The Third Circuit stated in *DeFranco v. Wolfe*, 387 F. App'x 147, 158 (3d Cir. 2010):

To demonstrate an Eighth Amendment violation, [the inmate] must show:

> "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). We have interpreted this to mean that there are two prongs to the inquiry: (1) deliberate indifference on the part of prison officials; and (2) the prisoner's medical needs are serious. *Monmouth County Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 346 (3d Cir.1987); accord *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir.1999).
>
> Deliberate indifference is more than an "inadvertent failure to provide adequate medical care." *Estelle*, 429 U.S. at 105, 97 S.Ct. 285. It is more than mere negligence or medical malpractice without some more culpable state of mind. *Id.* at 106, 97 S.Ct. 285; *Rouse*, 182 F.3d at 197; *Lanzaro*, 834 F.2d at 346. For example, disagreement of professional opinion among doctors does not equal deliberate indifference. *Rouse*, 182 F.3d at 197; *Lanzaro*, 834 F.2d at 346. Instead, it requires "obduracy and wantonness ... [,] which has been likened to conduct that includes recklessness or a conscious disregard of a serious risk." *Rouse*, 182 F.3d at 197 (citations omitted).

The Third Circuit further defined deliberate indifference in *Natale v. Camden City Correctional Facility*, 318 F.3d 575, 582 (3d Cir. 2003). The Court held:

> A prison official acts with deliberate indifference to an inmate's serious medical needs when "he knows of an disregards an excessive risk to inmate health and safety; the official must be both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Thus, a complaint that a physician or a medical department "has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment... ." *Estelle*, 429 U.S. 97. Accordingly, a "medical decision not to order an X-ray, or like measures, does not represent cruel and unusual punishment. At most it is medical malpractice." *Id* at 107. "[A]s long as a physician exercises professional judgment, his behavior will not violate a

prisoner's constitutional rights." *Brown v. Borough of Chambersburg,* 903 F.2d 274, 278 (3d Cir. 1990). Further, a doctor's disagreement with the professional judgment of another doctor is not actionable under the Eighth Amendment. *See White v. Napolean,* 897 F.2d 103, 110 (3d Cir. 1990). In sum, negligence, unsuccessful medical treatment, or medical malpractice does not give rise to a civil rights cause of action, and an inmate's disagreement with medical treatment is insufficient to establish a "deliberate indifference." *See Durmer v. O'Carroll,* 991 F.2d 64, 69 (3d Cir. 1993).

See also *George v. PA DOC,* 2010 WL 936778, *5.

We find that has Plaintiff failed to allege the elements of an Eighth Amendment claim in relation to Defendant Huntley because Plaintiff does not allege that Huntley acted with deliberate indifference to Plaintiff's serious medical needs. Plaintiff also alleges that a "mistake" was made with respect to the pain medication Huntley gave him in that it caused an adverse reaction in him. Therefore, we find that Plaintiff has not sufficiently stated Defendant Huntley violated his Eighth Amendment right to medical care in his Amended Complaint.

Moreover, mere negligence, which Plaintiff has alleged against Defendant Huntely, is not sufficient to state a constitutional claim. In *Whitely v. Albers,* 475 U.S. 312, 319, 106 S.Ct. 1078 (1986), the Supreme Court stated that "[i]t is obduracy and wantonness, not inadvertence or error in good faith, that characterize[s] that conduct prohibited by the Cruel and Unusual Punishment clause, ... ." We find that Plaintiff's allegations only show Defendant Huntley may have made an error in judgment in prescribing the pain medication for Plaintiff's fractured wrist.

Furthermore, in *Caldwell v Beard,* 324 Fed.Appx. 186, 188 (3d Cir. April 27, 2009), the Third Circuit Court of Appeals stated, "[c]laims of negligence, without a more culpable state of mind, do not constitute 'deliberate indifference.' *See Singletary v. Pa. Dept. Of Corr.,* 266 F.3d 186, 193

n. 2 (3d Cir.2001)." Thus, since we find that Plaintiff's claim alleging Defendant Huntley mistaken prescribed pain medication which did not agree with him amounts only to negligence, his allegations are not actionable under § 1983.

Thus, we will recommend that Plaintiff's Eighth Amendment denial of medical care claim against Defendant Huntley be dismissed with prejudice as we find futility as well as prejudice to Defendant Huntley in allowing Plaintiff leave to file a second amended Complaint as he has already had the opportunity to properly allege his claim against Defendant Huntley in his Document 12 Amended Complaint. *See Grayson v. Mayview State Hospital*, 293 F.3d 103, 111 (3d Cir. 2002) (The Third Circuit has held that a Plaintiff who filed an *in forma pauperis* request and whose Complaint fails to state a cognizable claim is entitled to amend his pleading unless it would be futile.). Thus, if a Complaint is subject to dismissal for failure to state a claim, the Court must first allow Plaintiff leave to amend unless it finds bad faith, undue delay, prejudice, or futility. *See Alston v. Parker*, 363 F.3d 229, 235-236 (3d Cir. 2004).

Initially, as to Defendant MCCF, we agree with this Defendant that it is not a "person" under §1983. A civil rights action cannot be maintained against MCCF because a prison or correctional facility is not a "person" that is subject to suit under federal civil rights laws. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 109 S.Ct. 2304 (1989); *Mt. Healthy City Bd. of Educ. v. Doyle*, 429 U.S. 274, 97 S.Ct. 568 (1977); *see also Slagle v. County of Clarion*, 435 F.3d 262, 264 n. 3 (3d Cir.2006) (the Third Circuit stated that "[t]he District Court dismissed Clarion County Jail as a defendant in this case, stating 'it is well established in the Third Circuit that a prison is not a "person" subject to suit under federal civil rights laws'").

Based on well-settled law, we will recommend that Defendant MCCF be dismissed from this case with prejudice since we find futility in allowing Plaintiff to amend his constitutional claim against this county prison Defendant.

With respect to Defendants Prime Care Medical and MCCF, to the extent Plaintiff's claim against MCCF is considered as a claim against Monroe County, we again do not find that Plaintiff has stated a constitutional claim against these Defendants under *Monell v. Department of Social Servs.*, 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). As we stated in our Doc. 8 R&R in which we screened Plaintiff's original Complaint, because Defendant Prime Care Medical was contracted to provide medical care to inmates at MCCF, the standards annunciated in *Monell* apply to Prime Care Medical and to Monroe County. See *Malles v. Lehigh County*, 639 F.Supp.2d 566 (E.D. Pa. 2009). Thus, even if Defendant Prime Care Medical is a private corporation which contracted with Monroe County to service the medical needs of inmates confined at MCCF, we find that Plaintiff, once again, has not properly stated an Eighth Amendment denial of proper medical care claim under *Monell* against Prime Care Medical and Monroe County. Defendant Prime Care Medical and Monroe County cannot be held liable for the conduct of persons they supervise pursuant to *respondeat superior*. *Meyers v. Schuylkill Co. Prison*, 2006 WL 559467, *9 (M.D. Pa.).[5] Rather, Defendant Prime Care Medical and Monroe County "[are] subject to liability [in a §1983 action] to the extent [they] maintain[ed] an unconstitutional custom or policy that caused the alleged constitutional violation." *Id.* (citation omitted).

---

[5] See also *Mangus v. DCP*, 2010 WL 521114, *8-*6 (M.D. Pa.).

In *Mangus*, the Court stated:

> With respect to such institutional defendants it is clear that a County cannot cannot be held liable for the unconstitutional acts of its employees on the theory of respondeat superior. *See Monnell v. Department of Social Servs.*, 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Instead, [a plaintiff] must demonstrate that the violation of his rights was caused by either a policy or a custom of the [county]. *See Beck v. City of Pittsburgh*, 89 F.3d 966, 971 (3d Cir.1996). *Berg v. County of Allegheny*, 219 F.3d 261, 275 (3d Cir.2000).

2010 WL 521114, *3.

No such custom or policy is specifically alleged by Plaintiff in his Amended Complaint with respect to Defendant Prime Care Medical and Monroe County. Plaintiff does not make any allegations as described above against Defendant Prime Care Medical and Monroe County necessary to make them subject to liability in this case. Based on *Malles and Meyers*, as well as *Magnus*, we find Plaintiff's allegations do not sufficiently state that Defendant Prime Care Medical and Monroe County caused any alleged conduct of any individual by having customs, policies, practices and procedures, and how these policies gave rise to violations of his constitutional rights. Thus, we will recommend that Defendant Prime Care Medical and Monroe County be dismissed with prejudice since Plaintiff already had one opportunity to amend his denial of medical care claim against Defendant Prime Care Medical after we explained to him in our Doc. 8 R&R how to properly state a claim against this Defendant under *Monell*. We find futility and undue prejudice to Defendants in allowing Plaintiff leave to file a second amended Complaint to properly state a *Monell* claim against Defendant Prime Care Medical and Monroe County because Plaintiff has already had the opportunity to do so in his Document 12 Amended Complaint. *See Grayson, supra.*

As such, we will recommend that the Court grant Defendants Prime Care Medical and Huntley's **Doc. 16** Motion to Dismiss Plaintiff's Amended Complaint and, that the Court grant Defendant MCCF's **Doc. 24** Motion to Dismiss.

## III. RECOMMENDATION.

Based on the foregoing, it is respectfully recommended that the Court:

1. **GRANT** Defendants Prime Care Medical and Huntley's **Doc. 16** Motion to Dismiss Plaintiff's Amended Complaint.

2. **DISMISS WITH PREJUDICE** Defendants Prime Care Medical and Nurse Huntley.

3. **GRANT** Defendant MCCF's **Doc. 24** Motion to Dismiss Plaintiff's Amended Complaint.

4. **DISMISS WITH PREJUDICE** Defendant MCCF.

Finally, it is recommended that the Court close this case.

THOMAS M. BLEWITT
United States Magistrate Judge

Dated: May /5, 2013

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JAMAL BAYTON, : CIVIL ACTION NO. 3:CV-12-2156
:
    Plaintiff : (Judge Brann)
:
v. : (Magistrate Judge Blewitt)
:
MONROE COUNTY PRISON, et al., :
:
    Defendants :

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated May 5, 2013.

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis

of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Failure to file timely objection to the foregoing Report and Recommendation may

constitute a waiver of any appellate rights.

s/ Thomas M. Blewitt
THOMAS M. BLEWITT
United States Magistrate Judge

Dated: May/5, 2013